UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(18)(DSD/LIB)

United States of America,

       Plaintiff,

v.                                    **ORDER**

Cletis Bernard Portis,

       Defendant.

This matter is before the court upon the pro se motion for the return of property by defendant Cletis Bernard Portis. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted in part.

**BACKGROUND**

On September 27, 2011, the Lake Superior Drug and Violent Crime Task Force executed a search warrant at Portis's residence in Superior, Wisconsin. Garlie Decl. ¶ 5, ECF No. 1137. On January 23, 2012, Portis pleaded guilty to conspiracy to distribute oxycodone, oxymorphone and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. ECF No. 677. On August 6, 2012, Portis was sentenced to imprisonment for a term of 200 months. ECF No. 923.

On January 3, 2014, Portis filed a pro se motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). Specifically, Portis requests the return of twenty-four

items seized during the execution of the September 27, 2011, search warrant. Among the twenty-four items are six sums of United States currency, totaling $21,148, three smoking pipes and various personal items. The government responds that (1) all currency has been forfeited, (2) the smoking pipes have been destroyed and (3) it does not oppose the motion as to the remaining personal items.

## DISCUSSION

"Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008) (citation omitted). The movant must establish lawful entitlement to the property, which "is often satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." Id. at 396-97 (citations omitted).

Once this initial burden is met, the government then must establish a legitimate reason to retain the property. Legitimate reasons include where "the defendant is not entitled to lawful possession of the seized property, [or] the property is contraband or subject to forfeiture." United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (citation and internal quotation marks omitted). "Post-conviction filings for the return of property

seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam) (citations omitted).

The government argues that, as to the seized currency, Portis's motion should be denied because such currency has been forfeited. The court agrees. As already explained, "a Rule 41[(g)] motion is properly denied if ... the property is ... subject to forfeiture." Vanhorn, 296 F.3d at 719. Here, all of the currency Portis seeks to have returned has been administratively or judicially forfeited. See ECF No. 923, at 6; Weston Decl. Exs. A-B. As a result, denial of Portis's 41(g) motion for the return of the forfeited currency is warranted.

The government next argues that, as to the smoking pipes, Portis's motion should be denied because the pipes have been destroyed. Indeed, "Rule 41(g) permits only the recovery of property in the possession of the [g]overnment. Therefore, if the [g]overnment no longer possesses the property at issue, no relief is available under Rule 41(g)." United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007) (citation omitted). Here, the pipes were destroyed by the Duluth, Minnesota, Police Department, pursuant to

its evidence storage procedures. See Garlie Decl. ¶ 7, ECF No. 1137. As a result, the court denies Portis's motion for return of the smoking pipes.

Finally, as already explained, the government does not oppose the motion as to the remaining items of personal property. As a result, the motion is granted as to those items.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the defendant's motion for the return of property [ECF No. 1132] is granted in part, consistent with this order.

Dated:  April 10, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court