```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                Criminal No. 11-305(18)(DSD/HB)
```

United States of America,

       Plaintiff,

v.

Cletis Bernard Portis,

       Defendant.

    Allen A. Slaughter, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Cletis Bernard Portis, #16071-041, USP-Florence, P.O. Box 7000, Florence, CO 81225, counsel for defendant.

This matter is before the court upon the pro se motion by defendant Cletis Bernard Portis to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On January 23, 2012, Portis pleaded guilty to Conspiracy to Distribute Oxycodone, Oxymorphone, and Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. On August 6, 2012, the court sentenced Portis to 200 months' imprisonment.[1] Although the

---

[1] On April 13, 2015, Portis moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On December 14, the court granted Portis's motion and reduced his sentence to 188 months'

court concluded that Portis was a career offender pursuant to U.S.S.G. § 4B1.1(a), Portis's sentence was based on the offense level as calculated in chapters 2 and 3 of the Guidelines. The career offender enhancement was not applied because the career offender offense level was lower than the otherwise applicable offense level. See U.S.S.G. § 4B1.1(b). On August 8, 2016, Portis filed this § 2255 motion, and on August 24, the court stayed the proceeding pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).

**DISCUSSION**

**I. Beckles**

Portis argues that his sentence is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Although Portis's sentence was based on the Sentencing Guidelines, not the residual clause of the ACCA, Portis argues that the holding in Johnson should apply to U.S.S.G. § 4B1.1, which closely tracks the ACCA. Portis's argument fails, however, because his sentence was based on chapters 2 and 3 of the Guidelines - not § 4B1.1. Even assuming that Portis's sentence was based on § 4B1.1, he would not be entitled to relief because the Supreme Court has held that the Guidelines are not subject to

---

imprisonment. ECF No. 1286.

2

vagueness challenges. Beckles, 137 S. Ct. at 892. As a result, Portis's motion must be denied.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Portis's sentence was constitutional and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 1361] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 25, 2017

s/David S. Doty  
David S. Doty, Judge  
United States District Court